# UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

LAUREN MCSHANE, as )
Administratix for the Estate of )
Anthony Marchetti )
)
v. )
)
CHRISTINE CALLAHAN; OTHER )
UNKNOWN NORFOLK COUNTY )
CORRECTIONAL OFFICERS; and )
MICHAEL G. BELLOTTI in his )
capacity as Norfolk County Sheriff; and )
PETER H. COLLINS, JOHN M. )
GILLIS, and FRANCIS W. O'BRIEN, in )
their capacity as Norfolk County )
Commissioners )

**COMPLAINT AND CLAIM FOR JURY TRIAL**

# 05 cv 10907 MEL

RECEIPT # _63930_
AMOUNT $ _250.00_
SUMMONS ISSUED _5_
LOCAL RULE 4.1 _✓_
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _M.P._
DATE _5/1/05_

MAGISTRATE JUDGE _MBB_

## INTRODUCTION

1.      This is an action for money damages against Christine Callahan, a former Massachusetts Correctional Officer, other unknown Massachusetts Correctional Officers, the Sheriff of Norfolk County and the County of Norfolk through its Commissioners for wrongful death and violations of the federal and state constitutional rights of Anthony Marchetti. Defendant Callahan and the unknown Correctional Officers (hereafter "the officer defendants") wrongfully caused the death of Mr. Marchetti in their role as correctional officers by providing him, or allowing him to be provided, while he was an inmate in the Norfolk County House of Corrections, with contraband drugs which resulted in Mr. Marchetti's death by opiate intoxication.

2.      The plaintiff further alleges that the defendants Michael G. Bellotti, Norfolk County Sheriff, and Peter H. Collins, John M. Gillis, and Francis W. O'Brien, Norfolk County Commissioners (hereafter "the county defendants") are jointly and severally liable to the plaintiff

because they maintained a policy or custom of failure to adequately train and regulate the officer defendants and other officers, agents and employees of the Norfolk County House of Corrections. The county defendants further failed to properly enforce and regulate the presence of narcotics within the Norfolk County House of Corrections and failed to provide and maintain adequate security against the presence of narcotics within that institution. The plaintiff also alleges that the defendant Norfolk County had a policy or custom of improper and inadequate investigation and discipline of acts of misconduct by the officer defendants and other corrections officers. These policies and customs resulted in implicit tolerance and authorization of continuing misconduct and breaches of security and caused Mr. Marchetti's death. Mr. Marchetti suffered conscious pain and suffering as a result of these illegal acts.

## JURISDICTION

3.      This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, the First, Fourth, Fifth and Fourteenth Amendments to the United States Constitution. Jurisdiction is founded upon 28 U.S.C. §§ 1331 and 1341 (3)(4) and the above mentioned statutory and constitutional provisions. Plaintiff further invokes pendent jurisdiction of this court to hear and decide claims arising under state law. The amount in controversy is over one million ($1,000,000) dollars.

## PARTIES

4.      Plaintiff Lauren McShane is a citizen of the United States and resident of the Commonwealth of Massachusetts, who brings suit in her capacity as administratrix of the estate of Anthony Marchetti. She has a primary residence in the County of Norfolk at 13 Nut Island Avenue, Quincy, Massachusetts 02169.

5.      Defendant Christine Callahan was at all times material to this case a correctional

2

officer working at the Norfolk County House of Correction.

6.    The unknown Norfolk County Correctional Officer defendants are those correctional officers who aided and assisted defendant Callahan, through action or inaction, in bringing illegal narcotics, including heroin, into the Norfolk County House of Correction.

7.    The actions of the officer defendants were taken under color of state and local law.

8.    The officer defendants were acting within the scope of their employment as correctional officers at the time the actions alleged in this complaint took place.

9.    Defendant Michael G. Bellotti is named in his capacity as Sheriff of Norfolk County. In this capacity he is custodian of the inmates of the Norfolk County House of Correction and responsible for the administration and management of the Norfolk County House of Correction.

10.    Defendants Peter H. Collins, John M. Gillis, and Francis W. O'Brien, Commissioners of Norfolk County, are named in their official capacity as the Commissioners of Norfolk County. In this capacity they are charged by statute with maintaining the Norfolk County House of Correction for the safe-keeping of those committed thereto. M.G.L. c. 126, § 8. Norfolk County is a duly organized subdivision of the Commonwealth of Massachusetts and the public employer of the officer defendants, defendant Bellotti, and all other employees of the Norfolk County House of Correction.

## FACTS

11.    Anthony Marchetti was an inmate at the Norfolk County House of Correction.

12.    Anthony Marchetti had a substance abuse problem, and a history of addiction,

3

both of which were or should have been known to defendants.

13.    During Mr. Marchetti's incarceration, up to and including May 7, 2002, defendant
Callahan was a correctional officer at Norfolk County House of Correction, in the employ of the
county defendants. The other officer defendants were also correctional officers at Norfolk
County House of Correction in the employ of the county defendants.

14.    For some period of time prior to and including May 7, 2002, defendant Callahan
was bringing drugs, including heroin, into Norfolk County House of Correction. The other
officer defendants knew or should have known of defendant Callahan's actions, and failed to
prevent them.

15.    Among the inmates to whom defendant Callahan provided such drugs was Mr.
Marchetti.

16.    On May 7, 2002, Mr. Marchetti was found unresponsive in his cell at the Norfolk
County House of Corrections and rushed to Deaconess Glover Hospital. He failed to respond to
resuscitation and was pronounced dead at 7:33 AM.

17.    The office of the chief medical examiner determined that the cause of death was
opiate intoxication.

18.    Defendant Callahan pleaded guilty to charges of manslaughter, distribution of
heroin, and distribution of heroin in a jail as a result of Mr. Marchetti's death. She was
sentenced to two (2) years in jail.

19.    The county defendants failed to provide proper supervision and training to their
employees, both the officer defendants and other employees; failed to properly secure the health
and safety of those in its custody and care; and failed to properly supervise and secure the

4

conditions in the Norfolk County House of Corrections. As a direct result, Mr. Marchetti died from narcotics procured, administered or delivered by the county defendant's agents and employees.

20.    The county defendants, and their agents and employees, further were deliberately indifferent to the safety and protection of the prisoners placed in their control, ignoring the need to secure and protect the prison environment from dangerous and illegal substances inherently harmful to that population.

21.    The county defendant's failure to reasonably prevent the importation and delivery of illegal substances to an inmate with a history of drug abuse and addiction constitutes a violation of his fundamental right to be secure in his person while an inmate of Norfolk County. *See* M.G.L. c. 126, § 8; M.G.L. c. 127, § 32; M.G.L. c. 268, § 28.

22.    The county defendants were properly notified of their liability to suit in this matter by letter dated and delivered May 6, 2004. A copy of said letter is attached hereto.

### FEDERAL CLAIMS

### FIRST COUNT:  42 U.S.C. § 1983 (OFFICER DEFENDANTS)

23.    Paragraphs 1 through 22 are incorporated herein.

24.    The officer defendants used or allowed illegal and improper methods to supply narcotics to Mr. Marchetti, thereby causing his death.

25.    The officer defendants jointly and severally deprived Mr. Marchetti of the following clearly established and well settled constitutional rights:

      a.    Freedom from cruel and unusual punishment;

      b.    Due process of law.

26.    The officer defendants acted with reckless disregard for Mr. Marchetti's constitutional rights. Their malicious conduct was so egregious that it violated plaintiff's due process rights under the Fourteenth Amendment.

27.    As a direct and proximate result of the acts and omissions of the officer defendants, Mr. Marchetti suffered the injuries described above.

## SECOND COUNT:  42 U.S.C. § 1983 (COUNTY DEFENDANTS)

28.    Paragraphs 1 through 27 are incorporated herein.

29.    Prior to May 7, 2002, the date of Mr. Marchetti's death, the county defendants maintained policies or customs of deliberate indifference to the constitutional rights of inmates in their custody which caused the deprivation of Mr. Marchetti's constitutional rights.

30.    Prior to May, 2002, it was the policy or custom of the county defendants to improperly and inadequately train defendant Callahan and other officers in laws, rules and regulations governing correctional officer's conduct including respect for the constitutional rights of citizens, proper procedures for maintaining order in the Norfolk County House of Correction, and the need for a safe and drug free jail environment.

31.    The failure of the county defendants to provide adequate training for their correctional officers was jointly and severally gross negligence tantamount to deliberate indifference to the constitutional rights of the people of Norfolk County.

32.    The failure of the county defendants to provide adequate training for the correctional officers created an environment in which it was foreseeable and probable that defendant Callahan and other correctional officers would violate the order of the prison environment by introducing drugs thereto, and this was the moving force behind the deprivation

6

of Mr. Marchetti's constitutional rights.

33.    Prior to May, 2002, it was the policy or custom of the county defendants to improperly and inadequately supervise, evaluate, investigate and discipline correctional officers working in the Norfolk County House of Correction.

34.    The failure of the county defendants to institute adequate and appropriate procedures for the supervision, evaluation, investigation and discipline of the correctional officers of Norfolk County constituted joint and several gross negligence tantamount to deliberate indifference to the constitutional rights of the people of Norfolk County.

35.    The failure of the county defendants to institute adequate and appropriate procedures for the supervision and management of the correctional officers working in the Norfolk County House of Correction created an environment in which it was foreseeable and probable that the officer defendants would feel free to deprive Mr. Marchetti of his constitutional rights without fear of investigation for disciplinary action. This failure was the moving force behind the deprivation of the plaintiff's constitutional rights.

36.    Consistent with the policies or customs of the county defendants, the officer defendants did deprive Mr. Marchetti of his constitutional rights and the plaintiff suffered the damages alleged in paragraph 27.

37.    The deprivation of Mr. Marchetti's rights, as set for the herein, is part of a pattern of conduct of correctional officers working in the Norfolk County House of Correction, which conduct was known to the county defendants, who allowed the conduct to occur and to continue.

### STATE CLAIMS

### THIRD COUNT: MASSACHUSETTS CIVIL RIGHTS ACT

38.    Paragraphs 1 through 37 are incorporated herein.

39.    The defendants' actions jointly and severally violated Mr. Marchetti's civil rights under M.G.L. c. 12, § 11I.

40.    As a direct and proximate result of these actions, plaintiff suffered injuries and damages as described above.

## FOURTH COUNT: WRONGFUL DEATH (OFFICER DEFENDANTS)

41.    Paragraphs 1 through 40 are incorporated herein.

42.    By their acts or omissions, as related above, the officer defendants jointly and severally wrongfully caused the death of Mr. Marchetti in violation of Mass. Gen. Laws, c. 229, § 2.

43.    This Count is for wrongful death brought by the Administratrix of the Estate pursuant to Mass. Gen. Laws, c. 229, §§ 2 and 6.

## FIFTH COUNT: NEGLIGENCE (OFFICER DEFENDANTS)

44.    Paragraphs 1 through 43 are incorporated herein.

45.    By their acts or omissions, as related above, the officer defendants were jointly and severally negligent, and Mr. Marchetti was damaged as a direct and proximate result.

46.    This Count is for negligence brought by the Administratrix of the Estate pursuant to Mass. Gen. Laws, c. 229, §§ 2 and 6.

## SIXTH COUNT: GROSS NEGLIGENCE (OFFICER DEFENDANTS)

47.    Paragraphs 1 through 46 are incorporated herein.

48.    By their willful, wanton, or reckless conduct, as related above, the officer defendants were jointly and severally grossly negligent, and Mr. Marchetti was damaged as a

direct and proximate result in violation of Mass. Gen. laws, c. 229, § 2.

49.    This Count is for punitive damages brought by the Administratrix of the Estate pursuant to Mass. Gen. Laws, c. 229, §§ 2 and 6.

## SEVENTH COUNT: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (OFFICER DEFENDANTS)

50.    Paragraphs 1 through 49 are incorporated herein.

51.    By their acts or omissions, as related above, the officer defendants jointly and severally intentionally inflicted emotional distress on Mr. Marchetti.

52.    This Count is for intentional infliction of emotional distress brought by the Administratrix of the Estate pursuant to Mass. Gen. Laws, c. 229, §§ 2 and 6.

## EIGHTH COUNT: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS (OFFICER DEFENDANTS)

53.    Paragraphs 1 through 52 are incorporated herein.

54.    By their acts or omissions, as related above, the officer defendants jointly and severally negligently inflicted emotional distress on Mr. Marchetti.

55.    This Count is for negligent infliction of emotional distress brought by the Administratrix of the Estate pursuant to Mass. Gen. Laws, c. 229, §§ 2 and 6.

## NINTH COUNT: WRONGFUL DEATH (COUNTY DEFENDANTS)

56.    Paragraphs 1 through 55 are incorporated herein.

57.    By their acts or omissions, as related above, the county defendants jointly and severally wrongfully caused the death of Mr. Marchetti in violation of Mass. Gen. Laws, c. 229, § 2.

58.    This Count is for wrongful death brought by the Administratrix of the Estate

9

pursuant to Mass. Gen. Laws, c. 229, §§ 2 and 6.

## TENTH COUNT: NEGLIGENCE (COUNTY DEFENDANTS)

59.    Paragraphs 1 through 58 are incorporated herein.

60.    By their acts or omissions, as related above, the county defendants were jointly and severally negligent, and Mr. Marchetti was damaged as a direct and proximate result.

61.    This Count is for negligence brought by the Administratrix of the Estate pursuant to Mass. Gen. Laws, c. 229, §§ 2 and 6.

## ELEVENTH COUNT: GROSS NEGLIGENCE (COUNTY DEFENDANTS)

62.    Paragraphs 1 through 61 are incorporated herein.

63.    By their willful, wanton, or reckless conduct, as related above, the county defendants were jointly and severally grossly negligent, and Mr. Marchetti was damaged as a direct and proximate result in violation of Mass. Gen. laws, c. 229, § 2.

64.    This Count is for punitive damages brought by the Administratrix of the Estate pursuant to Mass. Gen. Laws, c. 229, §§ 2 and 6.

## TWELFTH COUNT: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS (COUNTY DEFENDANTS)

65.    Paragraphs 1 through 64 are incorporated herein.

66.    By their acts or omissions, as related above, the county defendants jointly and severally intentionally inflicted emotional distress on Mr. Marchetti.

67.    This Count is for intentional infliction of emotional distress brought by the Administratrix of the Estate pursuant to Mass. Gen. Laws, c. 229, §§ 2 and 6.

## THIRTEENTH COUNT: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS (COUNTY DEFENDANTS)

68.     Paragraphs 1 through 67 are incorporated herein.

69.     By their acts or omissions, as related above, the county defendants jointly and severally negligently inflicted emotional distress on Mr. Marchetti.

70.     This Count is for negligent infliction of emotional distress brought by the Administratrix of the Estate pursuant to Mass. Gen. Laws, c. 229, §§ 2 and 6.

## PRAYER FOR RELIEF

a.     Award compensatory damages against the defendants jointly and severally in the amount of at least $1,000,000, and such additional amount as a jury determines to be appropriate.

b.     Award punitive damages against the defendants jointly and severally;

c.     Award the costs of this action, including attorney's fees, to the plaintiff; and

d.     Award such other and further relief as this Court may deem necessary and appropriate.

## PLAINTIFF DEMANDS A TRIAL BY JURY AS TO ALL ISSUES AND COUNTS.

LAUREN MCSHANE, AS
ADMINISTRATIX FOR THE ESTATE OF
ANTHONY MARCHETTI
By her attorney,

John H. Cunha Jr.
B.B.O. No. 108580
CUNHA & HOLCOMB, P.C.
One State Street, Suite 500
Boston, MA 02109-3507
617-523-4300

Dated: May 3, 2005

H:\Word\Tort\McShane\complaint.wpd

11

**DAVID M. BUTLER**
ATTORNEY AT LAW
1359 HANCOCK STREET
QUINCY, MA 02169

(617) 770-0240
Facsimile Number - (617) 770-9017

RECEIVED
04 MAY -6 PM 3: 26
NORFOLK COUNTY
COMMISSIONERS

May 6, 2004

John M. Gillis, Commissioner
Peter H. Collins, Chairman
Francis W. O'Brien, Commissioner
Norfolk County Commissioners
614 High Street
Dedham, MA 02026

Dear Commissioners:

Please be advised that this office represents the interests of the estate and the parents and only child of Anthony Marshetti who died on May 7, 2002, while an inmate at the Norfolk County House of Correction in Dedham due to the negligence of your agents and employees. At this time you are hereby given due notice of the intent of the above parties to seek compensation for his untimely, unnecessary and wrongful death. The actions and omissions of your agents and employees and their lack of proper supervision and training and the failure to secure the health and safety of those in your care and custody were the direct cause of his death from illegal narcotics which were facilitated, procured, administered or delivered by your agents and employees.

You are also advised that these actions constitute a denial of the civil rights and protections due Anthony Marshetti while in your custody and care by the deliberate indifference of you, your agents and employees to the safety and protection of prisoners placed in your control. The death of Anthony Marshetti was the result of that indifference to the need to supervise closely both the inmates and correctional officers and the need to secure and protect the prison environment from dangerous and illegal substances inherently harmful to the population and particularly to those with a history of addiction. Among other violations, the failure to reasonably prevent the importation and delivery of such substances to an inmate with a history of drug abuse and addiction is a violation of his fundamental constitutional right to be secure in his person while an inmate of Norfolk County.

Please consider this a demand for compensation for wrongful death for all related claims in the amount of One Hundred Thousand Dollars ($100,000.00). In the event you chose not to

accept this compromise offe    settlement of One Hundred Thousan  ollars ($100,000.00) then be advised that the offer will be withdrawn in the event of any future litigation regarding the above claims.

NORFOLK COUNTY

Very truly yours,

David M. Butler

DMB:jc

Received this 6th day of May 2004.