UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. No. 05-cv-10907-MEL

| | |
|---|---|
| LAUREN MCSHANE, as ADMINISTRATRIX of the ESTATE OF ANTHONY MARCHETTI,<br>　　　Plaintiff | *<br>*<br>*<br>* |
| VS. | *<br>* |
| CHRISTINE CALLAHAN; OTHER UNKNOWN NORFOLK COUNTY CORRECTIONAL OFFICERS; and MICHAEL G. BELLOTTI IN HIS CAPACITY AS NORFOLK COUNTY SHERIFF; and PETER H. COLLINS, JOHN M. GILLIS, and FRANCIS W. O'BRIEN, IN THEIR CAPACITY AS NORFOLK COUNTY COMMISSIONERS,<br>　　　Defendants | *<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

**ANSWER OF THE DEFENDANTS, MICHAEL G. BELLOTTI, IN HIS CAPACITY AS NORFOLK COUNTY SHERIFF AND PETER H. COLLINS, JOHN M. GILLIS AND FRANCIS W. O'BRIEN, IN THEIR CAPACITY AS NORFOLK COUNTY COMMISSIONERS, TO THE PLAINTIFF'S COMPLAINT**

1. The Defendants deny the allegations contained in Paragraph 1 of Plaintiff's Complaint.

2. The Defendants deny the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3. The Defendants neither admit nor deny the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4. The Defendants admit the allegations contained in Paragraph 4 of Plaintiff's Complaint.

5. The Defendants admit the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6. The Defendants neither admit nor deny the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7. The Defendants neither admit nor deny the allegations contained in Paragraph 7 of Plaintiff's Complaint.

8. The Defendants neither admit nor deny the allegations contained in Paragraph 8 of Plaintiff's Complaint.

9. The Defendants admit the allegations contained in Paragraph 9 of Plaintiff's Complaint.

10. The Defendants admit the allegations contained in Paragraph 10 of Plaintiff's Complaint.

11. The Defendants admit the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12. The Defendants neither admit nor deny the allegations contained in Paragraph 12 of the Plaintiff's Complaint.

13. The Defendants admit the allegations contained in the first sentence of Paragraph 13. The Defendant neither admit nor deny the allegations contained in the second sentence of Paragraph 13.

14. The Defendants nether admit nor deny the allegations contained in Paragraph 14 of the Plaintiff's Complaint.

15. The Defendants neither admit nor deny the allegations contained in Paragraph 15 of the Plaintiff's Complaint.

16. The Defendants neither admit nor deny the allegations contained in Paragraph 16 of the Plaintiff's Complaint.

17. The Defendants neither admit nor deny the allegations contained in Paragraph 17 of the Plaintiff's Complaint.

18. The Defendants neither admit nor deny the allegations contained in Paragraph 18 of the Plaintiff's Complaint.

19. The Defendants deny the allegations contained in Paragraph 19 of the Plaintiff's Complaint.

20. The Defendants deny the allegations contained in Paragraph 20 of the Plaintiff's Complaint.

21. The Defendants deny the allegations contained in Paragraph 21 of the Plaintiff's Complaint.

22. The Defendants deny the allegations contained in Paragraph 22 of the Plaintiff's Complaint.

23. No Answer required.

24. No Answer required.

25. No Answer required.

26. No Answer required.

27. No Answer required.

28. No Answer required.

29. The Defendants deny the allegations contained in Paragraph 29 of the Plaintiff's Complaint.

30. The Defendants deny the allegations contained in Paragraph 30 of the Plaintiff's Complaint.

31. The Defendants deny the allegations contained in Paragraph 31 of the Plaintiff's Complaint.

32. The Defendants deny the allegations contained in Paragraph 32 of the Plaintiff's Complaint.

33. The Defendants deny the allegations contained in Paragraph 33 of the Plaintiff's Complaint.

34. The Defendants deny the allegations contained in Paragraph 34 of the Plaintiff's Complaint.

35. The Defendants deny the allegations contained in Paragraph 35 of the Plaintiff's Complaint.

36. The Defendants deny the allegations contained in Paragraph 36 of the Plaintiff's Complaint.

37. The Defendants deny the allegations contained in Paragraph 37 of the Plaintiff's Complaint.

38. No Answer required.

39. The Defendants deny the allegations contained in Paragraph 39 of the Plaintiff's Complaint.

40. The Defendants deny the allegations contained in Paragraph 40 of the Plaintiff's Complaint.

41. No Answer required.

42. No Answer required.

43. No Answer required.

44. No Answer required.

45. No Answer required.

46. No Answer required.

47. No Answer required.

48. No Answer required.

49. No Answer required.

50. No Answer required.

51. No Answer required.

52. No Answer required.

53. No Answer required.

54. No Answer required.

55. No Answer required.

56. No Answer required.

57. The Defendants deny the allegations contained in Paragraph 57 of the Plaintiff's Complaint.

58. The Defendants neither admit nor deny the allegations contained in Paragraph 58 of the Plaintiff's Complaint.

59. No Answer required.

60. The Defendants deny the allegations contained in Paragraph 60 of the Plaintiff's Complaint.

61. The Defendants deny the allegations contained in Paragraph 61 of the Plaintiff's Complaint.

62. No Answer required.

63. The Defendants deny the allegations contained in Paragraph 63 of the Plaintiff's Complaint.

64. The Defendants deny the allegations contained in Paragraph 64 of the Plaintiff's Complaint.

65. No Answer required.

66. The Defendants deny the allegations contained in Paragraph 66 of the Plaintiff's Complaint.

67. The Defendants deny the allegations contained in Paragraph 67 of the Plaintiff's Complaint.

68. No Answer required.

69. The Defendants deny the allegations contained in Paragraph 69 of the Plaintiff's Complaint.

70. The Defendants deny the allegations contained in Paragraph 70 of the Plaintiff's Complaint.

WHEREFORE, the Defendants respectfully request that this Honorable Court dismiss the Plaintiff's Complaint and find judgment in their favor together with attorney's fees, costs, and such other relief as this Court deems just and proper.

## DEFENDANTS DEMAND A TRIAL BY JURY ON ALL ISSUES

## AFFIRMATIVE DEFENSES

1. The Defendants say that the Plaintiff's Complaint fails to state a claim upon which relief can be granted and, therefore, moves for dismissal of this action pursuant to Mass R. Civ. P. 12(b)(6).

2. The Defendants state that the process of Plaintiff was insufficient and, therefore, Defendants move for dismissal under Mass.R.Civ.P. 12(b)(4).

3. The Defendants state that the service of process of Plaintiff was insufficient and, therefore, Defendants move for dismissal under Mass.R.Civ.P. 12(b)(5).

4. The Defendants state that the Plaintiff did not bring his complaint within the time limit provided by the Statute of Limitations and, therefore, Plaintiff's claim is barred by the terms of that Statute.

5. The Defendants deny that they failed to properly train and supervise their employees.

6. The Defendants deny that they caused the wrongful death of the Anthony Marchetti.

7. The Defendants deny that they caused Anthony Marchetti to suffer emotional distress either intentionally or negligently.

8. The Defendants are guilty of no negligence.

9. The Defendants state that the negligence of Plaintiff exceeds the negligence of Defendants and states that under the provisions of M.G.L. c. 231 § 85, Plaintiff cannot recover.

10. The Defendants state that if the negligence of Defendants was greater than the negligence of Plaintiff, then the damages assessable against the Defendants should be reduced by the percentage of negligence attributable to the Plaintiff, under the provisions of M.G.L. c. 231, § 85.

11. The alleged acts or omissions of the Defendants were not the cause, proximate or otherwise, of the alleged injury or damage.

12. The Defendants state that the injuries and damages alleged were caused in whole or in part by Plaintiff's own negligence.

13. The Defendants state that the injuries to Plaintiff were caused by a third party over which Defendants had no legal control and for whose conduct Defendants were not legally responsible, and therefore, Defendants cannot be held liable for the damages claimed by the Plaintiff.

14. By way of affirmative defense, the Defendants state that M.G.L. c. 258 § 10(a) bars claims against public employees based upon their performance or failure to perform when exercising due care in the execution of any statute, regulation of a public employer, or municipal ordinance or bylaw.

15. By way of affirmative defense, the Defendants state that M.G.L. c. 258 § 10(b) bars claims against public employees based upon their performance or failure to perform a discretionary function within the scope of their employment.

16. By way of affirmative defense, the Defendants state that M.G.L. c. 258 § 10(j) bars claims against public employees. The action of the Defendants did not originally cause the condition that led to the incident involving the Plaintiff.

17. The Defendants deny each and every allegation of the Plaintiff's Complaint except as specifically admitted above.

18. The Defendants state that at the time of the alleged incident, Plaintiff was guilty of a violation of law which contributed to the alleged injuries.

19. The claims arising out of the subject matter of the occurrence alleged are barred as the defendants were carrying out law enforcement functions in good faith.

20. Defendants deny all of plaintiff's allegations of wrongful conduct and state that at all relevant times, public employees were acting within the scope of their employment in good faith and with reasonable suspicion and probable cause, and in the reasonable belief that their actions were lawful.

21. The actions and conduct of the Defendants, to the extent they occurred as alleged, were objectively reasonable under the circumstances and it enjoys qualified immunity from suit and liability.

22. The Defendants are immune from liability pursuant to M.G.L. c. 258 § 2.

23. The Defendants deny that their actions were extreme, outrageous or intolerable in a civilized society.

24.  The Plaintiff has failed to allege conduct comprising threats, intimidation, and coercion, and cannot therefore recover under the Massachusetts Civil Rights Act.

25.  The Plaintiff is barred from recovery because the Plaintiff failed to present his claims as required under the Massachusetts Tort Claims Act, M.G.L. c. 258, § 4.

26.  The Plaintiff failed to notify an Executive Officer pursuant to M.G.L. c. 258, § 4 within two years that a claim was pending and such is barred from recovery because of non-compliance with the Statute.

27.  The Plaintiff has failed to state a cause of action under 42 USC § 1983 because the Plaintiff has suffered no deprivation of due process in law that affords the Plaintiff an adequate remedy.

28.  The Plaintiff has failed to state a claim upon which relief may be granted because he has failed to allege that the defendants deprived him of any constitutional right.

29.  The actions and conduct of the Defendants did not violate any clearly established constitutional or statutory rights of which they reasonably should have been aware, and they are therefore entitled to qualified immunity.

30.  The Plaintiff is precluded from any recovery against the Defendants pursuant to the provisions of M.G.L. c. 175D, § 9.

31.  The Plaintiff is obligated, pursuant to M.G.L. c. 175D, § 9 to exhaust all available insurance prior to proceeding against the Defendants.

32.  The Plaintiff is barred from recovery because the Defendants, Norfolk County Sheriff and Norfolk County Commissioners, are entitled to governmental immunity pursuant to M.G.L. Chapter 258, § 10(h).

33.  The Defendants state that M.G.L. c. 175D, which governs insolvent insurers, allows the Defendants by and through the Massachusetts Insurers Insolvency Fund to have all setoffs from other available insurance exhausted prior to the Plaintiff receiving any compensation if he is entitled from the Insolvency Fund.

34.  The Defendants state that the Plaintiff failed to attach any document in his complaint indicating notice to the Defendants, Norfolk County Sheriff and Norfolk County Commissioners, within the two-year time period pursuant to M.G.L. c. 258, § 4.

35.  The Defendants state that M.G.L. c. 258, §10© bars claims arising out of intentional torts. Therefore, the Plaintiff cannot recover against the Defendants.

36.  The Defendants, Norfolk County Sheriff and Norfolk County Commissioners, were insured

     through Legion Insurance Company, which was declared insolvent by the Pennsylvania Supreme Judicial Court on July 25, 2003 effective July 28, 2003.

37.    Pursuant to 42 USC § 1983, the Doctrine of Respondeat Superior is not a basis for holding the Defendants liable for the constitutional torts of the Correction Officers.

**<u>THE DEFENDANTS DEMAND A TRIAL BY JURY ON ALL ISSUES<br>RAISED AND DEFENSES ASSERTED HEREIN.</u>**

                                          Defendants,
Norfolk County Sheriff and
Norfolk County Commissioners
By their Attorneys,

WYNN & WYNN, P.C.

s/Paul F. Wynn
Paul F. Wynn   BBO#535820
90 New State Highway
Raynham, MA 02767
(508) 823-4567

Dated:  <u>June 14, 2005</u>