UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION
NO. 05-CV-10907-MEL

LAUREN McSHANE, as ADMINISTRATRIX of the )
ESTATE OF ANTHONY MARCHETTI, )
    Plaintiff )
 )
VS. )
 )
CHRISTINE CALLAHAN; OTHER UNKNOWN )
NORFOLK COUNTY CORRECTIONAL OFFICERS; )
and MICHAEL G. BELLOTTI IN HIS CAPACITY AS )
NORFOLK COUNTY SHERIFF; and )
PETER H. COLLINS, JOHN M. GILLIS, and )
FRANCIS W. O'BRIEN, IN THEIR CAPACITY AS )
NORFOLK COUNTY COMMISSIONERS )

**MEMORANDUM OF THE DEFENDANT, MICHAEL G. BELLOTTI, IN HIS CAPACITY AS NORFOLK COUNTY SHERIFF, IN SUPPORT OF HIS MOTION TO COMPEL ANSWERS TO INTERROGATORIES AND RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS BY THE PLAINTIFF, LAUREN MCSHANE, ADMINISTRATRIX**

    As grounds for the Defendant's Motion to Compel Answers to Interrogatories and Responses to Request for Production of Documents by the Plaintiff, the Defendant states that pursuant to Rule 33 and Rule 34, a Request for Production of Documents and Interrogatories were served upon the Plaintiff, through counsel, on September 26, 2005. See attached Exhibit "A" and Exhibit "B". The time in which the Plaintiff must respond has expired and, to date, the Defendant has not received the discovery responses.

    On November 8, 2005 a letter was sent to Attorney John H. Cunha, counsel of record for the Plaintiff, pursuant to Rule 37.1(A) with a request that we confer, by telephone, in good faith to narrow the areas of any disagreement within seven days. See attached Exhibit "C".

    On November 17, 2005 I contacted Attorney Cunha's office and spoke with his associate, Attorney Charles Allan Hope, by telephone, who indicated that he would attempt to get the discovery responses to me by noon that day. To date, the Plaintiff has failed to produce the discovery responses.

Wherefore, the Defendant moves that the Plaintiff be ordered to answer the Defendant's Interrogatories and respond to the Defendant's Request for Production of Documents within twenty (20) days.

Respectfully submitted,

/s/ Paul F. Wynn
Paul F. Wynn   BBO# 535820
WYNN & WYNN, P.C.
90 New State Highway
Raynham, MA 02767
(508) 823-4567

Dated: December 21, 2005

## CERTIFICATE OF SERVICE

I, Paul F. Wynn, hereby certify that on this date, December 21, 2005, I caused to be served the foregoing documents, by electronic notice, upon the following Counsel of record:

John H. Cunha, Esquire
Cunha & Holcomb, P.C.
One State Street, Suite 500
Boston, MA 02109-3507

/s/ Paul F. Wynn
Paul F. Wynn
Attorney for Defendant,
Michael G. Bellotti, in his Capacity
As Norfolk County Sheriff

**EXHIBIT "A"**
UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. No. 05-CV-10907-MEL

| | |
|---|---|
| LAUREN MCSHANE, as ADMINISTRATRIX of the ESTATE OF ANTHONY MARCHETTI, <br>    Plaintiff <br><br> VS. <br><br> CHRISTINE CALLAHAN; OTHER UNKNOWN NORFOLK COUNTY CORRECTIONAL OFFICERS; and MICHAEL G. BELLOTTI IN HIS CAPACITY AS NORFOLK COUNTY SHERIFF; and PETER H. COLLINS, JOHN M. GILLIS, and FRANCIS W. O'BRIEN, IN THEIR CAPACITY AS NORFOLK COUNTY COMMISSIONERS, <br>    Defendants | * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * <br> * |

**DEFENDANT'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO THE PLAINTIFF, LAUREN MCSHANE, AS ADMINISTRATRIX OF THE ESTATE OF ANTHONY MARCHETTI**

The Defendant, Michael G. Bellotti, in his Capacity as Norfolk County Sheriff in the above-entitled action, through his attorneys, and pursuant to Rule 34 of the Federal Rules of Civil Procedure, requests the plaintiff, Lauren McShane, Administratrix, produce and permit the said defendant to inspect, copy and/or photograph all documents and things in the possession, custody, or control of the plaintiff, or any agent of the plaintiff, other than writings, documents, and tangible things prepared in anticipation of litigation or for trial by the plaintiff or by or for the plaintiff, by the plaintiff's attorney(s), consultant(s), or agent(s) which embody, refer to, or relate in any way to the subject listed hereafter.  The said Defendant requests that the documents and things herein be produced at the offices of said Defendant's attorney, Paul F. Wynn, Esquire, Wynn & Wynn, P.C., 90 New State Highway, Raynham, Massachusetts  02767, on or before the 30th day after service of this Request, except that compliance with this Request may be made by

mailing copies of such documents to said defendant's attorney, postage prepaid, such mailings to be postmarked on or before the 30th day following service of said Request.

**DEFINITIONS AND INSTRUCTIONS**

1. The term "document" shall have the same meaning as the term "document" as that term is used in Federal Rules of Civil Procedure, Rule 34, and shall include, without limitation,

    (a) any and all correspondence, letters, telegrams, cables, telex messages, memoranda, notes and notations, note papers, interoffice and interdepartmental communications, transcripts, books, pamphlets, periodicals, articles, press clippings, samples of any kind, promotional materials, advertising materials, requisitions, resolutions, certificates, opinions, reports, studies, analyses, evaluations, applications, approvals, petitions, contracts, licenses, assignments, agreements, ledgers, checks, check stubs, books and records of account, statistical records, desk calendars, diaries, list tabulations, summaries, charts, graphs, photographs, computer tapes and printouts, magnetic tapes, microfilm, punch cards, and all other written or graphic matter; and

    (b) the original and each non-identical copy or duplicate of any of the foregoing, whether such copy or duplicate is non-identical by reason of handwritten notation or otherwise.

2. The word "you" means the party to whom the Requests are addressed including, without limitation, any agent, servant, employee, attorney, associate, or any other representative.

3. The word "decedent" means Anthony Marchetti.

4. If the plaintiff, Lauren McShane, contends that any requested document is privileged or

otherwise not subject to discovery, or if any requested document is withheld for any other reason, please state as to each such document:

    A.    Its date

    B.    Each author or addressor of the document

    C.    Each recipient or addressee of the document

    D.    The substance of the document

    E.    As to each original, duplicate original, or reproduction thereof, its last known location and the identity of the person in whose possession, custody or control it then was; and

    F.    the specific grounds or reasons asserted for withholding the document.

This request is to include all after-acquired documents of the type made reference to in this request. The plaintiff, Lauren McShane, Administratrix, is, therefore, requested to update the Production of Documents by forwarding copies to the defendant, Michael G. Bellotti, in his Capacity as Norfolk County Sheriff, or putting the defendant on notice as to any newly acquired material.

## REQUESTS

1. Please provide all copies of the decedent's police records, including, but not limited to, arrest records, police reports and probation records for the last fifteen (15) years.

2. Please provide copies of any and all pleadings, discovery, and transcripts of depositions or trials in any criminal litigation against the decedent for the last fifteen (15) years.

3. Please provide all copies of the decedents's incarceration records for each correctional facility in which the decedent has been incarcerated for the last fifteen (15) years.

4. Please provide copies of any and all documents or records relating to drug treatment or rehabilitation programs in which the decedent participated while incarcerated for the last ten (10) years.

5. Please provide copies of any and all documents or records relating to drug treatment or rehabilitation programs in which the decedent voluntarily participated for the last ten (10) years.

6. Please provide copies of any and all documents or records relating to drug treatment or rehabilitation programs in which the decedent was required to participate for the last ten (10) years.

7. Please provide copies of all the decedent's psychiatric, general practitioner, hospital and emergency room medical records for the last ten (10) years.

8. Please provide copies of all the decedent's psychiatric, general practitioner, hospital and emergency room narrative reports, if any, for the last ten (10) years.

>   Defendant,
>   Michael G. Bellotti, in his Capacity as
>   Norfolk County Sheriff,
>   By his Attorneys,
>   WYNN & WYNN, P.C.
>
>   /s/
>   Paul F. Wynn  BBO#535820
>   90 New State Highway
>   Raynham, MA 02767
>   (508) 823-4567

Dated: <u>September 26, 2005</u>

## EXHIBIT "B"

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. No. 05-CV-10907-MEL

| | |
|---|---|
| LAUREN MCSHANE, as ADMINISTRATRIX of the ESTATE OF ANTHONY MARCHETTI,<br>    Plaintiff<br><br>VS.<br><br>CHRISTINE CALLAHAN; OTHER UNKNOWN NORFOLK COUNTY CORRECTIONAL OFFICERS; and MICHAEL G. BELLOTTI IN HIS CAPACITY AS NORFOLK COUNTY SHERIFF; and PETER H. COLLINS, JOHN M. GILLIS, and FRANCIS W. O'BRIEN, IN THEIR CAPACITY AS NORFOLK COUNTY COMMISSIONERS,<br>    Defendants | *<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>*<br>* |

**DEFENDANT'S FIRST SET OF INTERROGATORIES
TO BE ANSWERED BY THE PLAINTIFF, LAUREN MCSHANE, AS
ADMINISTRATRIX OF THE ESTATE OF ANTHONY MARCHETTI**

    Defendant, Michael G. Bellotti, in his Capacity as Norfolk County Sheriff, pursuant to Rule 33 of the Federal Rules of Civil Procedure, requests that the Plaintiff, Lauren McShane, as the Administratrix of the Estate of Anthony Marchetti, serve, within thirty (30) days herefrom, her answers to the Interrogatories hereinafter set forth.

    If any interrogatory posed herein requires, in whole or in part, an answer that the plaintiff claims to be privileged, then, please answer so much of the Interrogatory as does not require an answer the plaintiff claims to be privileged, and as to the remainder, state the nature of the privilege claimed and the grounds upon which the plaintiff asserts such privileges.

**INTERROGATORIES**

1. Please identify each person you consulted in preparing your answers to these Interrogatories by name, address, and telephone number.

2. Please identify by date and description each document you consulted in preparing your answers to these Interrogatories.

3. Please identify each person who you expect to call as an expert witness at trial, stating the name, address, telephone number and subject matter on which you expect the expert to testify. Please include the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.

4. Please identify each person whom you expect to call as a witness at trial, stating the name, address, telephone number of each person, except those identified in the preceding Interrogatory, and summerize the expected text.

5. Please state your name, date of birth, occupation, social security number, marital status, residence and business address.

6. State the basis and any and all facts upon which the Plaintiff alleges the allegations set forth in paragraphs 56-58 of the Plaintiff's complaint. In Answering this Interrogatory, identify specifically each act, on the part of the defendants, that wrongfully caused the decedent's death.

7. State the basis and any and all facts upon which the Plaintiff alleges the allegations set forth in paragraphs 59-61 of the Plaintiff's complaint. In answering this Interrogatory, identify specifically each act of negligence, on the part of the defendants, that directly and proximately caused the decedent's death.

8. State the basis and any and all facts upon which the Plaintiff alleges the allegations set forth in paragraphs 62-64 of the Plaintiff's complaint. In answering this Interrogatory, identify specifically the willful, wanton, or reckless conduct on the part of the defendants which lead to their gross negligence and was the direct and proximate cause of the decedent's death.

9. Please state the total number of times the decedent had been incarcerated. In answering this interrogatory, please identify:

   a. The place of incarceration;

   b. The reason for the decedent's incarceration;

   c. The date of incarceration;

   d. The length of each incarceration.

10. Please state the total number of times the decedent received treatment for his drug dependancy. In answering this interrogatory, please identify:

    a. The place of treatment;

    b. The length of treatment.

11. Please identify the decedent's total net income for the past ten (10) years.

12. Please identify and describe any and all services the decedent provided to those entitled to receive damages under the Massachusetts Wrongful Death statute M.G.L. 229 § 2.

13. Please identify and describe any and all protection the decedent provided to those persons entitled to receive damages under the Massachusetts Wrongful Death statute M.G.L. 229 § 2.

14. Please identify and describe the care the decedent provided to those persons entitled to receive damages under the Massachusetts Wrongful Death statute M.G.L. 229 § 2.

15. Please identify describe any and all assistance the decedent has provided to those persons entitled to receive damages under the Massachusetts Wrongful Death statute M.G.L. 229 § 2.

16. Please identify and describe any and all society the decedent has provided to those persons entitled to receive damages under the Massachusetts Wrongful Death statute M.G.L. 229 § 2.

17. Please identify describe any and all guidance the decedent has provided to those persons entitled to receive damages under the Massachusetts Wrongful Death statute M.G.L. 229 § 2.

18. Please identify and describe any and all counsel the decedent has provided to those persons entitled to receive damages under the Massachusetts Wrongful Death statute M.G.L. 229 § 2.

19. Please state the improper and inadequate training methods, used by the defendants, to train Norfolk County House of Correction correctional officers.

21. Please state the policy and customs of the defendants for the supervision and management of the Norfolk County House of Correction correctional officers.

22. Please state the policy and customs of the defendants for the investigation of improper actions on the part of the Norfolk County House of Correction correctional officers.

23. Please state the policy and customs of the defendants for the evaluation of the Norfolk County House of Correction correctional officers.

24. Please state any malicious motive or intent on the part of the defendants in developing or administrating any and all of the policies, customs or training methods in question.

25. Please state any indifference on the part of the defendants in developing and administrating any and all of the policies, customs, or training methods in question.

Defendant,<br>
Michael G. Bellotti, in his Capacity as<br>
Norfolk County Sheriff<br>
By his Attorneys,<br>
<br>
WYNN & WYNN, P.C.<br>
<br>
<br>
/s/<br>
Paul F. Wynn  BBO#535820<br>
90 New State Highway<br>
Raynham, MA 02767<br>
(508) 823-4567<br>

Dated:  <u>September 26, 2005</u>

**EXHIBIT "C"**

November 8, 2005

John H. Cunha, Esquire
Cunha & Holcomb, P.C.
One State Street, Suite 500
Boston, MA 02109-3507

RE: Lauren McShane, Admx.
VS: Christine Callahan, et al
    United States District Court, District of Massachusetts
    Civil Action No: 05-CV-10907-MEL
    Wynn & Wynn File No: 2404.305

Dear Mr. Cunha:

    This letter will serve to follow up your telephone conversation with my secretary, Carol, on October 31, 2005 regarding the Plaintiff's, Lauren McShane, as Administratrix of the Estate of Anthony Marchetti, answers to the Defendant, Michael G. Bellotti, in his Capacity as Norfolk County Sheriff's First Set of Interrogatories, as well as the responses of the Plaintiff, Lauren McShane, as Administratrix of the Estate of Anthony Marchetti, to the Defendant, Michael G. Bellotti, in his Capacity as Norfolk County Sheriff's First Request for Production of Documents.

    Pursuant to Local Rules of the United States District Court for the District of Massachusetts, Rule 37.1(A), I request that we confer, by telephone, in good faith to narrow the areas of any disagreement within seven (7) days of this request.

    Thank you for your anticipated cooperation.

Very truly yours,

WYNN & WYNN, P.C.

/s/
Paul F. Wynn

PFW/crb
cc: Gerard Hosman, Adjuster
    GFMS No. 230786